**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**DISSENTING OPINION ON ORDER**

Appellate case name:        S.H.R. v. Department of Family and Protective Services

Appellate case number:   01-10-00999-CV

Trial court case number:   200903028J

Trial court:                        314th District Court of Harris County

On July 19, 2012 the Department of Family and Protective Services ("DFPS") filed a motion for en banc reconsideration ("motion for rehearing en banc") contending that the Court erred in holding the evidence to be factually insufficient.

DFPS on May 4, 2012 filed a motion for rehearing contending the Court erred in reversing the complete final order of termination because appellant did not challenge on appeal DFPS's appointment as sole managing conservator. On June 14, 2012, the Court agreed with DFPS, granted rehearing, and issued a supplemental opinion and a new judgment on rehearing.

On July 13, 2012, DFPS filed a motion to extend time to file a further motion for rehearing ("unopposed motion for extension of time") in which it explained: "The reason more time is required is because the undersigned attorney was not in the country when the supplemental opinion was issued in this case and the period following when a further motion for rehearing would have needed to be filed." The Court granted the extension of time to file the further motion for rehearing on July 25, 2012, extending the time as requested to July 19, 2012. The motion did not indicate that DFPS was also seeking an extension of time to file a motion for en banc reconsideration.

The deadline to file a motion for en banc reconsideration was 15 days after rendition of the Court's judgment, i.e., June 29, 2012. TEX. R. APP. P. 49.7. The deadline to file a motion to extend time to file a motion for en banc reconsideration was 15 days after the date for filing the motion, i.e., July 16, 2012. TEX. R. APP. P. 49.8, 4.1(a).

Because DFPS filed its motion for en banc reconsideration three days after the last day to file a motion to extend time to file an en banc motion, the motion for en banc reconsideration is untimely and should be dismissed, not denied.

On August 10, 2012, this Court sua sponte ordered en banc reconsideration without a (timely) motion while the Court had plenary power. *See* TEX. R. APP. P. 49.7. I had no quarrel with the Court doing so, nor do I disagree with the Court vacating and withdrawing its August 10, 2012 order. I dissent, however, to denying DFPS's motion for en banc reconsideration. Denying a motion is a refusal to grant the request presented in the motion. *See* BLACK'S LAW DICTIONARY 499 (9th ed. 2009). Dismissing a motion terminates consideration without a further hearing on the merits. *Id.* at 537. The Texas Rules of Appellate Procedure were drafted with that distinction in mind, e.g., Rule 10.4 (determining motions) and 49.7 (en banc reconsideration) versus Rule 42.1 and 42.3 (nonmerits-based dismissals).

Because DFPS's motion for en banc reconsideration is untimely, I would dismiss the motion, not deny it. Accordingly, I respectfully dissent.

Judge's signature:  /s/ Jim Sharp
                    Acting individually


Date:               October 18, 2012